IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

FILED
DISTRICT COURT OF GUAM
MAR 2 4 2008
JEANNE G. QUINATA
Clerk of Court

Francisco S.A. Ignacio

    Petitioner

v.

People of Guam

    Respondent

Civil ~~Criminal~~ Case No. 08-00003



MOTION FOR POST-CONVICTION RELIEF

Comes now, Petitioner, Francisco San Agustin Ignacio, proceeding as a pro`se petitioner, respectfully asking this court to take notice of the Supreme Court case in Haines v. Kerner, 404, U.S. 519, 30 L.Ed.2d, 92 S.Ct. 594, wherein it stated that a pro`se complaint is to be construed to a less strigent standard as to those written by professional lawyers.

Petitioner is filing this motion in light of Guam v. Steven Miller and Cheryl Miller, Cr. Nos. 88-00046A, 88-00047A, April 16, 1992. CF. Guam v. Yang, Cr. No. 85-1252, 850 F.2d 507, June 20, 1988. Prior decision same case, overruled, Guam v. Yang, CA No. 85-1252, 800 F.2d 945, September 25, 1986. Petitioner ask this court to review de novo its decision D.C. Guam App. Div. 1980. It is not error for the "reasonable doubt" instruction to be given using the terms "IMPORTANT AFFAIRS" rather than "A MORAL CERTAINTY" as stated in Subsection (a) of Section 90.23 of this Title. People v.

Francisco San Agustin Ignacio, D.C. App. Guam 1980, Cr. App. #79-00036A.

The district court erred in affirming petitioner's conviction without considering the merits of whether the reasonable doubt jury instruction's deviation from the Guam Legislative's definition of reasonable doubt constituted reversible error. While Judge Ferguson sets forth an appealing argument [in dissent in Guam v. Ignacio, No. 81-1107 (9th Cir. Feb. 19, 1982)], the decisions of this Court in Ignacio and Hilton and of the Ninth Circuit in Ignacio have held otherwise. This panel must affirm based on these previous decisions. Any change in the decisions in this line of cases should more properly come from the Ninth Circuit.

9th Cir. R.21(c). These prior Ninth Circuit memorandum decisions have no precedential authority. See Demarest v. United States, 718 F.2d 964, (9th Cir. 1983), Cert. Denied, 466 U.S. 950, 80 L.Ed 2d 536, 104 S.Ct. 2150 (1984); United States v. Kinsley, 578 F.2d 655, n.10 (8th Cir. 1975). The Appellate division erred in presuming itself bound by Ninth Circuit law on how to treat these jury instructions.

The more difficult issue is whether the Appellate Division was bound by the prior decisions in Hilton and Ignacio. The district court chose not to address this issue fully because it felt bound by the Circuit's decisions. The court looked to the Ninth Circuit to overturn this incorrect--albeit unpublished--interpretations of Guam law.

Judge Ferguson believe that the district court erred in finding that it was bound by prior Ninth Circuit and District of Guam law, because there was none as such. The judge believe

that prior decisions misinterpret the intent of the Guam Legislature, and should not be used as a guide.

The prior Guam decisions threaten to undermine that respect and confidence to the extent that it appears simply to disregard relevant enactments of Guam's Legislature, and to the extend that it suggests that a person can be convicted of a crime by a jury misinformed as to the proper standard of proof. Guam v. Ignacio, D.C. App. Guam 1980, Cr. App. #79-00036A, No. 81-1107, (9th Cir. Feb. 19, 1982).

Petitioner citing Guam v. Steven Miller and Cheryl Miller, Cr. Nos. 88-00046A, 88-00047A, April 16, 1992. The trial Judge gave the following non-statutory reasonable doubt jury instruction using "important affairs":

The test that's one of reasonable doubt. The reasonable doubt a doubt that's based upon common sense and reason. It's a kind of doubt that would make a reasonable person hesitate to do certain act. There, a proof beyond a reasonable doubt is proof of such a convincing character that would make a reasonable person without hesitation rely and act upon it in the most IMPORTANT of his or her own AFFAIRS.

In People v. Yang, 850 F.2d 507, 512, n.8 (9th Cir. 1988) (en banc) ("Yang"), the Ninth Circuit held that it was reversible error for a trial judge in the Superior Court of Guam to give such a non-statutory reasonable doubt jury instruction, despite the fact that no contemporaneous objection was lodge by defense counsel.

Petitioner, citing United States v. Scott, 425 F.2d 55 (9th Cir. 1970) (en banc), the court in Yang II concluded that its review of the reasonable doubt jury instruction should be for

reversible error, not plain error, despite defendant's failure to make a contemporaneous objection is not required when it would be futile because a "'solid wall of circuit authority' forecloses the trial court from ruling otherwise." Id. at 57-58, quoted in Yang II, 850 F.2d at 512 n 8.

Petitioner contents that the trial court chose not to use that statutory definition of reasonable doubt. The instruction which it gave, however, is erroneous under Guam law for several reasons. First, the language used by the trial judge defines doubt in terms of the behavior of a reasonable person in IMPORTANT AFFAIRS, rather than the terms of the state of mind associated with the absence of reasonable doubt ("Moral Certainty"). Thus the instruction given was substantially at odds with the meaning of the statutory definition.

Second, if a California trial court gave the instruction used in the instant case, reversal would be required. See People v. Bemmerly, 87 Cal. 117, 121, 25 P. 266 (1890). (similar instruction held to be reversible error...).

The reasonable-doubt standard plays a vital role in the American scheme of Criminal procedure. It is a prime instrument for reducing the risk of convictions resting on factual error. The standard provides concrete substance for the presumption of innocence-that bed-rock "axiomatic and elementary" principle whose "enforcement lies at the foundation of the administration of our criminal law." Coffin v. United States, 39 L Ed 491. As the dissenters in the New York Court of Appeals observed, and agreed, "a person accused of a crime...would be at a severe disadvantage, a disadvantage amounting to a lack of fundamental fairness, if

he could be adjudged guilty and imprison for years on the strength of the same evidence as would suffice in a civil case." 24 NY 2d, at 205, 247 NE2d, at 259.

The requirement of proof beyond a reasonable doubt has this vital role in our criminal procedure for cogent reasons. The accused during a criminal prosecution has at stake interests of immense importance, both because of the possiblity that he may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction. Accordingly, a society that values the good name and freedom of every individual should not condemn a man for commission of a crime when there is reasonable doubt about his guilt.

The Supreme Court has held that the mere passage of time will not bar an attempt to overturn a criminal conviction. Palmer v. Ashe (1951) 342 U.S. 134, 96 L Ed 154, 72 S.Ct. 191 ex rel. Herman v. Claudy (1956) 350 U S 116, 100 L Ed 126, 76 S. Ct. 223, and Chessman v. Teets (1957) 354 US 156, 1 L Ed 1253, 77 S Ct 1127.

## CONCLUSION

Petitioner request this Appellate Division to reversed its decision and remand for new trial on the merit.

VERIFICATION

I, Francisco S.A. Ignacio, hereby declare under penalty of perjury that the facts stated in the foregoing motion are true and correct.

Dated: *March 12, 2008*

By: *Francisco SA Ignacio*

CERTIFICATE OF SERVICE

I, Francisco San Agustin Ignacio, do hereby certify that I served a copy of said motion to:

1. Office of the Attorney General

   Alicia Limtiaco

   287 W. O'Brien Dr.

   Pedro's Plaza

   Hagatna, Guam 96910


2. District Court of Guam

   Mary L.M. Moran, District Clerk

   U.S. Courthouse

   520 W. Soledad Ave., 4th Floor

   Hagatna, GU 96910


I am placing said copies in the legal mailbox on the 12th day of March 2008.

*Francisco S.A. Ignacio*
Francisco S.A. Ignacio

#89898-011

U.S. Penitentiary

P.O. Box 24550

Tucson, AZ 85734